# 8386

WILLIAM BURDON, ET AL.,

versus

WEST NEW ORLEANS LIGHT & TRACTION CO.,

and

SOUTHERN COTTON OIL CO.

NO. 8386,

COURT OF APPEAL

PARISH OF ORLEANS.

WILLIAM A. BELL, JUDGE:

Court of Appeal
PARISH OF ORLEANS
FILED APR 22
[signature]

# 8386

BY; WILLIAM A. BELL, JUDGE:

This is a suit in damages brought by plaintiff and wife against the West New Orleans Light & Traction Company, and the Southern Cotton Oil Company, made co-defendants, for loss of their son, who was killed while a passenger on the electric car of the Traction Company. Plaintiffs herein are appellants from a judgment rendered by the 28th Judicial District Court for the Parish of Jefferson, whereby the Court maintained exceptions of res adjudicata, and pleas of estoppel filed by each of said defendants, the suit being dismissed at plaintiffs' cost. From the record it appears that this proceeding was filed on June 8, 1921; that the Traction Company filed exceptions of no cause or right of action on June 18, 1921, and that the Oil Company filed similar exceptions on June 20, 1921; these exceptions were fixed by order of court to be tried on July 8, 1921, on which day it appears that both defendants filed additional pleas of estoppel and res adjudicata as above mentioned, and the District Court, on the same day, maintained these latter pleas without passing in any manner upon the exceptions of no cause or right of action, which had been specifically set for trial. The appeal is solely from the judgment maintaining the pleas of estoppel and res adjudicata, and it follows therefore, that the sole question before this Court is whether said pleas of estoppel and res adjudicata had been rightly maintained.

We are of the opinion that the judgment of the Lower Court was erroneous, for reasons hereinafter discussed, and inasmuch as the exceptions of no cause or right of action were not passed upon by the Lower Court, this Court will not consider same.

It is the uniform jurisprudence in this state that Appellate Courts will not pass on exceptions which have not been considered by the Trial Court. In the case of Gordon vs. Business Men's Racing Association - 140 La. 674 - exceptions of no cause or right of action and of estoppel were filed. After the trial of these exceptions, the trial judge sustained the exceptions of no cause or right of action, and refrained from passing upon the plea of estoppel. Under these conditions, the Court said: "This last exception, not having been passed on below, cannot be considered by this Court." Also in the case of Cunningham vs. The Penn Bridge Company and the City of New Orleans - 131 La. 196 - a like ruling was made, the Court also holding that the negligence of two persons or corporations may concur to produce an injury, in which event both may be held liable in solido. 1 - Thompson on "Negligence," Par. 177, p.175. It was finally ruled in this case that the question of liability as between the two, not having been determined by the Trial Court, the Appellate Court would not, under its jurisprudence, undertake to determine this question. We pass now to the consideration of the sole question before us.

In support of their pleas of estoppel and res adjudicata, both defendants have offered and filed in evidence record No. 3213 of the docket of the Trial Court, from which it appears that the same plaintiffs, alleging the same unfortunate accident, first filed a suit in damages only against the Traction Company, who, in effect, denied all the allegations of the petition, and defended on the ground that the accident was not due to any fault of the Traction Company, but solely to the acts of third persons; that these third persons (their names not being disclosed) had, a short time before the accident, trespassed upon the Traction Company's road-bed, without the Company's knowledge or consent, and by digging a concrete culvert under the Company's tracks, and through its road-bed, had undermined the road-bed, causing same to soften, and causing the railway

track to become unsafe for traffic; that this trespass, with all of its resulting circumstances, was the proximate cause of the derailment of the car upon which plaintiffs' son was a passenger. The Traction Company made no other defense to this suit, and the issues as between plaintiffs and this Company were thus finally established. It further appears from the record that plaintiffs, after the Traction Company's answer had been filed, made the Oil Company and the Traction Company co-defendants by supplemental petition, and prayed for judgment in solido against both defendants; that the Oil Company defended by exceptions to plaintiffs' petition and supplemental petition, alleging that same failed to show any cause or right of action against it. It does not appear from the record of this first suit that any judgment whatsoever was ever rendered upon the issues joined by the Traction Company's answer, or upon the exceptions pleaded by the Oil Company. A close examination and scrutiny of every document in the record fails to disclose any further judgment or decree, save that appearing to have been entered and signed by the Judge of the Trial Court, on June 7, 1921, which order resulted, on motion of counsel for plaintiffs, in the entire dismissal and discontinuance of the suit. However, it is alleged by the Oil Company in the record of the cause now under consideration, and which bears the number 8386 of the docket of this Court (No. 3395 of the docket of the 28th Judicial Court of the Parish of Jefferson) that on April 21, 1921, there was judgment rendered in the aforesaid suit, No. 3213, maintaining the Oil Company's exceptions of no cause or right of action therein urged, resulting in a dismissal of the first suit as against the Oil Company. It is upon these facts - not denied by counsel for plaintiffs in either brief or argument that the Oil Company now predicates its present pleas of estoppel and res adjudicata, and in which the Traction Company, by like pleas, have joined the Oil Company in similar defense. In considering the question now before us for adjudication, this Court will assume, though there is no record proof of the fact, that the

judgment of April 21, 1921 was in fact rendered in the first suit in the manner alleged by the Oil Company. It will also be assumed that no written reasons for the aforesaid judgment were given by the Court, this fact also appearing to be ~~admitted~~ by all parties in their briefs.

It is a fair presumption, justified by the record pleadings in the first suit, and fortified by well established jurisprudence of the Supreme Court of this state, that exceptions of no cause of action such as were filed in the first suit, were directed against insufficient declarations of essential facts, rather than against want of declarations, the lack of which, upon the merits of the suit, would impel its dismissal, and bar recovery. In the absence of record proof to the contrary, it should be assumed that the Trial Court maintained the Oil Company's first exceptions of no cause of action in the first suit for some such reason as would have justified the Court in reserving to plaintiffs the right to amend, rather than to peremptorily bar plaintiffs' right to recovery against the Oil Company.

We are not in accord with contention of counsel for the Oil Company that failure to appeal from the judgment maintaining its exception of no cause of action was fatal to plaintiffs' right, while dismissing first suit, to again proceed in a new and second action based on the same demands.

Under definite jurisprudence of this state, plaintiffs were justified in dismissing the first suit, under the confidence that a new action could be brought against both parties made defendants in the cause now before us. In the case of the Succession of Herber, 119 La. 1065, the Supreme Court distinctly held;

"In many cases where an exception of no cause of action is filed, and the same is sustained, and the suit is dismissed, it cannot be ascertained on the face of the papers what the precise ground was on which the court's action was based. In such cases the party against whom the exception is urged is permitted to establish that fact by evidence dehors the record. x x x x x x x x x x x x x x x x x

An insufficient statement by an attorney of the grounds upon which the rights of his client are predicated does not carry with it under the law as a penalty that the actually existing legal rights of the client should be absolutely cut off. At the furthest, it throws the clients out of court, but under the right of renewing the attack under allegations sufficient, if proved, to warrant and justify a judgment. A judgment throwing plaintiff out of court solely for want of certain allegations in his petition can certainly not be held to prevent his invoking the aid of the courts in his behalf when he subsequently files a petition containing all the allegations needed to sustain a cause of action."

In the case just quoted from, the court went on to say that in affirming the lower court's judgment dismissing the suit on a previous appeal, under exceptions of no cause of action, that it did not consider there was any necessity for a reservation of the plaintiff's right to bring a new suit with proper allegations. It also quotes with affirmative approval Hart & Co. v. Bowie - 34 La. Ann. 325 - reading:

"In that case we said: 'We note the suggestion of plaintiffs that the judgment be amended so as to make it one of nonsuit. The judgment, being one of dismissal on exception, adjudicates nothing on the merits, and does not debar plaintiff of the right of filing another action for the same relief.'"

See also: Gould v. Railroad, 91 U.S. 526. Wells on Res Adjudicata and Stare Decisis, Sects. 13,18; Id. p. 370, et seq. Sects. 446,447.

The same ruling was made in Banahan v. Svarva, 146 La. 906, where the court said:

"If, then, the first petition would have disclosed a cause of action if it had alleged that Svarva was not an innocent purchaser, it is clear that, as the second petition meets that requirement, it disclosed a cause of action, and that neither the exception of res judicata, filed in the second suit, and based upon the maintenance, in the first suit, of the exception of no cause of action, nor the exception of no cause of action, filed in the second suit, was well founded."

Counsel for the Traction Company contend that plaintiffs' dismissal of the suit No. 3213 constituted an abandonment of the claim against the said Traction Company, and that plaintiffs' acquiescence in the decree discharging the Oil Company by whose fault the accident happened, operates as estoppel in favor of the Traction Company, even if it were otherwise legally bound. We see no merit in this contention. Plaintiffs' supplemental petitions in the first suit in no manner allege that the Oil Company's actions were the sole or proximate cause of the accident, nor do any of plaintiffs' allegations in that suit show intention expressed or implied to release the Traction Company from liability. It cannot follow therefore that this dismissal of the petition as against the Oil Company could have in any manner carried with it a dismissal of plaintiffs' action against the Traction Company. The ruling in case of Muntz vs. Algiers Ry. Company, et al., 116 La. 238, cannot govern here. In the cited case it was held that the judgment in favor of the lessee company (a co-defendant) on the merits and upon grounds not personal to that company was a bar in a subsequent suit on this same cause of action against the lessor company. There are no such facts in the instant case.

We are of the opinion that the maintenance of the Oil Company's exception of no cause of action, and the dismissal or withdrawal of the whole suit in the first case was in no manner a bar to the institution of the second suit now before us. This Court in the case of Illinois Central R.R. Co., v. N.O. Terminal Company, 14 Ct. of App., p. 310, has held as follows:

> "Maintaining an exception of no cause of action, based merely on defective pleadings, and not going to the merits of the controversy, does not form the basis of res adjudicata. Hence it is proper under such exception to simply non-suit the plaintiff; or the case may be remanded to allow plaintiff an opportunity to amend." - (Affirmed, 143 La. 407).

We are of the opinion that the judgment of the Trial Court maintaining the pleas of estoppel and res adjudicata and dismissing plaintiffs'suit, is erroneous, and should be reversed.

It is therefore, ordered, adjudged, and decreed that the judgment herein appealed from, be, and the same hereby is reversed, at appellees' costs, and that this cause be, and it hereby is remanded to the District Court, and reinstated on its docket to be there proceeded with according to law.

REVERSED and REMANDED.